IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH A. PONCE,

    *Plaintiff,*

vs.

    Case No. 24-1124-EFM-TJJ

SEDGWICK COUNTY SHERIFF'S OFFICE, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently in the custody of the Kansas Department of Corrections in Topeka, Kansas, her claims arose during her detention at the Sedgwick County Adult Detention Facility in Wichita, Kansas ("SCADF"). Plaintiff is represented by counsel and has paid the filing fee.

**I.**    **Factual Allegations**

Plaintiff alleges that she is bringing this action as the result of damages incurred after Plaintiff and another inmate were subjected to rape, sexual assault, sodomy, and excessive force by Sedgwick County Detention Deputy Dustin Burnett. Plaintiff alleges that Deputy Burnett was hired despite a record of serious misconduct during his prior military service, including sharing child pornography, theft, and behavioral health issues. Plaintiff alleges that despite multiple

warning signs, Deputy Burnett was left alone in a female pod at SCADF with easy, private access to the female inmates.

Plaintiff's Complaint includes detailed factual allegations regarding incidents at the SCADF on July 17, 2022, where Deputy Burnett sodomized and digitally raped Plaintiff. *Id*. at 3. Plaintiff alleges that Deputy Burnett pled guilty pursuant to a plea agreement in the Eighteenth Judicial District of Sedgwick County Kansas in cases 22 CR 001054 and 22 CR 001104 of one count of Official Misconduct, contrary to K.S.A. 21-6002(a)(5)(b)(1)(B)(i), and three counts of Unlawful Sexual Relations contrary to K.S.A. 21-5512(a)(3). As part of the plea agreement, a third case (22 CR 001405) was dismissed.

Plaintiff alleges that the failure by the Sheriff's Office and Sheriff Jeff Easter to adequately screen, hire, train, and supervise Deputy Burnett directly resulted in injury to Plaintiff, and the violation of her constitutional rights.

Plaintiff claims violations of her rights under the Eighth and Fourteenth Amendments, and violations of Kansas law. Plaintiff names as defendants: the Sedgwick County Sheriff's Office; Sheriff Jeff Easter in his official capacity; and Detention Deputy Dustin T. Burnett in his individual and official capacity. Plaintiff seeks compensatory and punitive damages, costs, expenses, and reasonable attorney's fees.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.[1] The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or

---

[1] 28 U.S.C. § 1915A(a).

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.[2]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[3] A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."[4] In addition, the court accepts all well-pleaded allegations in the complaint as true.[5] On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.[6]

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[7] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[8] The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."[9]

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

---

[2] 28 U.S.C. § 1915A(b)(1)–(2).

[3] *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

[4] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Twombly*, 550 U.S. at 555 (citations omitted).

[9] *Id.* at 555, 570.

complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."[10]  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[11]

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.[12]  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[13]  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"[14]  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."[15]

### III.   Analysis

**A.   Complaint Survives Screening**

The Court accepts Plaintiff's well-pleaded allegations in the complaint as true, and finds that they plausibly support a legal claim for relief.  Plaintiff's Complaint survives the Court's

---

[10] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[11] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

[12] *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[13] *Kay*, 500 F.3d at 1218 (citation omitted).

[14] *Smith*, 561 F.3d at 1098 (citation omitted).

[15] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

screening under 28 U.S.C. § 1915A.  Therefore, Plaintiff should continue with service of process under Fed. R. Civ. P. 4.[16]

**B.      Improper Defendant**

Plaintiff names the Sedgwick County Sheriff's Office as a defendant.  The Sedgwick County Sheriff's Office is not an entity which may sue or be sued under Kansas law.  "Under Fed. R. Civ. P. 17(b), courts determine a party's capacity to be sued in federal court by examining the law of the state where the court is located."[17]  Kansas statutory law provides that:

> In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be "The board of county commissioners of the county of _____;" but this provision shall not prevent county officers, where authorized by law, from suing in their name of office for the benefit of the county.[18]

Therefore, a "claim against the Sedgwick County Sheriff's Office is directed against the wrong defendant, as the Board of County Commissioners of Sedgwick County is the appropriate defendant for claims against any of its subunits."[19]  In *Brown*, the Tenth Circuit held that "[e]ven if Brown were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not otherwise sufficiently pleaded that a municipal employee committed

---

[16] *See* Fed. R. Civ. P. 4(c)(1) ("plaintiff is responsible for having the summons and complaint served"); and 4(c)(3) (providing that the court must order service of process if plaintiff is proceeding in forma pauperis).

[17] *Schwab v. Kansas*, 2017 WL 2831508, at *13 (D. Kan. 2017) (finding county is not a legal entity and "[b]ecause plaintiffs have sued the County itself instead of the board of county commissioners as Kansas law requires, their claims against this defendant fail to state a claim for relief") (citing Fed. R. Civ. P. 17(b)(3) and Kan. Stat. Ann. § 19-105).

[18] Kan. Stat. Ann. § 19-105.

[19] *Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir. 2013) (unpublished) (citing *Hopkins v. State,* 237 Kan. 601, 702 P.2d 311, 316 (1985) (noting "line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute"); Kan. Stat. Ann. § 19–105 (2012)).

a constitutional violation, nor has he pleaded the existence of a municipal policy causally connected to that violation."[20]

However, the Court finds in this case that Plaintiff's claims survive screening. Therefore, Plaintiff will be given the opportunity to either show good cause why the Sedgwick County Sheriff's Office is a proper defendant, or to file a motion seeking to substitute a proper defendant.

**IT IS THEREFORE ORDERED** that this case survives the Court's screening under 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 2, 2024,** in which to either show good cause why the Sedgwick County Sheriff's Office is a proper defendant or to file a motion seeking to substitute a proper defendant.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[20] *Id*. at 708 (citing *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (municipalities can be liable for the conduct of an employee if (1) that employee committed a constitutional violation, and (2) there was a direct causal link between a municipal policy or custom and the employee's commission of the constitutional violation)).